**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **MATTHEW S. LOGUE** *et al.*, | * | |
| **Plaintiffs** | * | |
| **v.** | * | **CIVIL NO.  JKB-16-3937** |
| **PATIENT FIRST CORPORATION** *et al.*, | * | |
| **Defendants** | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM

### I.  Background

On December 8, 2016, Plaintiff Matthew S. Logue filed this suit alleging medical malpractice and wrongful death in regard to his late wife, Shelby Ann Logue.  (Compl., ECF No. 1.)  Named as Defendants are Patient First Corporation; Patient First Urgent Care, Bel Air; Boris Gronas, D.O.; Drs. Gehris, Jordan, Day & Associates, LLC; Katherine V. Day, M.D.; SurgCenter of Bel Air, LLC; Physicians Anesthesia Associates, P.A.; and Paul D. Gilmore, M.D. (*Id.*)  Following answers by some of the Defendants (ECF Nos. 21, 26, 27), Plaintiff filed on January 11, 2017, an amended complaint as of right under Federal Rule of Civil Procedure 15(a)(1)(B).  (ECF No. 31.)  The only change made in the amended complaint was substitution of American Anesthesiology of Maryland, P.C., for Physicians Anesthesia Associates, P.A. (*Id.*)

Thereafter, Defendants Boris Gronas, D.O., Patient First Corporation, and Patient First Urgent Care, Bel Air (collectively, "Patient First Defendants"), filed a motion to dismiss, contending Plaintiff had failed to join indispensable parties.  (ECF No. 39.)  Specifically, Patient

First Defendants noted the complaint failed to include "the minor children who are beneficiaries to the decedent who is the focus of the wrongful death action," as required under Maryland law. (*Id.*)  In response, Plaintiff filed another amended complaint (ECF No. 44), adding the decedent's four minor children as well as the decedent's parents to comply with Maryland's Wrongful Death Act and Maryland Rule 15-1001, which require joinder in a wrongful death action of "[a]ll persons who are or may be entitled by law to claim damages by reason of the [decedent's] wrongful death."  Md. R. 15-1001(b).  Count VI of the complaint thus became a wrongful death count brought by all Plaintiffs individually (as originally brought, Count VI named only Matthew Logue, estate administrator, as a Plaintiff, but suing in that count "on behalf of the survivors/beneficiaries of the decedent").  The second amended complaint also clarified that the various counts of negligence brought as survival actions were brought by Matthew Logue alone in his capacity as administrator of the decedent's estate.  (2nd Am. Compl., Counts I, II, III, IV, and V.)  Neither the Court's leave nor Defendants' consent was sought before the second amended complaint was filed, as required by Federal Rule of Civil Procedure 15(a)(2) ("In all other cases [than amendment of right pursuant to Rule 15(a)(1)], a party may amend its pleading only with the opposing party's written consent or the court's leave.").

On the same day Patient First Defendants filed their reply (ECF No. 46) to Plaintiffs' opposition (ECF No. 45) to the motion to dismiss, they also filed a motion to strike the second amended complaint (ECF No. 47).  In that motion, Patient First Defendants argued the complaint should be stricken for failure to comply with Rule 15.  (*Id.* ¶ 1.)  They also contended that the new complaint "attempts to incorporate a new and subsequently filed [Maryland Health Care Alternative Dispute Resolution Office ("HCADRO")] Claim into this action in order to correct fatal procedural errors."  (*Id.* ¶ 2.)  Defendants American Anesthesiology of Maryland, P.C., and

2

Paul D. Gilmore, M.D., and SurgCenter of Bel Air, LLC, filed motions to join the Patient First Defendants' motion to strike.  (ECF Nos. 48 & 50.)[1]  Plaintiffs' response also includes a cross-motion for leave to file a second amended complaint.  (ECF No. 49.)  The motions have been briefed (ECF Nos. 51, 52, 53) and are ripe for decision.  No hearing is necessary.  Local Rule 105.6 (D. Md. 2016).  The Defendants' motions will be denied; Plaintiffs' motion will be granted.

## II.  Standard for Motion to Amend

In the circumstances presented here, when a plaintiff's motion is filed prior to entry of a scheduling order, a motion for permission to amend the complaint is governed by Rule 15(a), which directs the Court to "freely give leave when justice so requires."  The Fourth Circuit has stated that leave to amend under Rule 15(a) should be denied only in three situations:  when the opposing party would be prejudiced, when the amendment is sought in bad faith, or when the proposed amendment would be futile.  *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).  A proposed amendment is considered futile if it cannot withstand a motion to dismiss.  *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

## III.  Analysis

Defendants contend Plaintiffs' second amended complaint must be stricken for failure to obtain either Defendants' consent or the Court's leave for its filing, as required by Rule 15(a)(2). Plaintiffs respond, first, that they are entitled to file the second amended complaint as of right pursuant to Rule 15(a)(1)(B) and, second, that if they are not so entitled, then justice requires

---

[1] Defendants Katherine V. Day, M.D., and Drs. Gehris, Jordan, Day & Associates, LLC, did not join in the Patient First Defendants' motion.

granting their cross-motion for leave to amend their complaint.  The Court is unpersuaded by Plaintiffs' first argument, but finds their second argument meritorious.

As to Plaintiffs' initial argument that their second amended complaint has been properly filed as of right under Rule 15(a)(1)(B), the Court disagrees.  As stated, that portion of Rule 15 provides, "A party may amend its pleading once as a matter of course within[,] . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), *whichever is earlier*." (Emphasis added.)  Under Plaintiffs' preferred interpretation, in a multi-defendant case such as this, any time any defendant were to file either an answer or a Rule 12 motion to dismiss, Plaintiffs would have a new opportunity to amend their pleading "once as a matter of course." The Court emphasizes the last phrase of Rule 15(a)(1)(B):  "*whichever is earlier*."  The singular nature of that phrase reinforces the leading phrase, "A party may amend its pleading once as a matter of course . . .," to mean *only one* opportunity is afforded by Rule 15 to amend any pleading as a matter of course.  Once means once.  Here, SurgCenter of Bel Air filed its answer on January 4, 2017.  (ECF No. 21.)  Within 21 days, on January 11, 2017, Plaintiff Matthew Logue (then, the only Plaintiff in the case) filed his amended complaint, which, as previously noted, only corrected the name of one of the Defendants.  (ECF No. 31.)  That filing constituted the one and only amendment to the complaint as a matter of course under Rule 15(a)(1)(B).

Consequently, in order for the complaint to be amended again, either Defendants must give their written consent or the Court must give leave to the filing of the second amended complaint, as required by Rule 15(a)(2).  Defendants clearly do not consent, so the Court must address the question of whether "justice so requires" the granting of the request to file a second

amended complaint.  Fed. R. Civ. P. 15(a)(2).  The procedural history in this case and applicable Maryland law support the Court's conclusion that justice requires granting leave to amend.

Maryland enacted the Health Care Malpractice Claims Act in 1976 as part of the state's answer to a medical malpractice insurance crisis.  *Bovey v. Executive Director, HCAO*, 441 A.2d 333, 334 (Md. 1982).  The Act's purpose was "to screen malpractice claims, ferret out meritless ones, and, in theory, thereby lower the cost of malpractice insurance and the overall costs of health care."  *Adler v. Hyman*, 640 A.2d 1100, 1103 (Md. 1994).  To that end, the Act provides, "All claims, suits, and actions . . . by a person against a health care provider for medical injury allegedly suffered by the person in which damages of more than the limit of the concurrent jurisdiction of the District Court are sought are subject to and shall be governed by the provisions of this subtitle."  Md. Code Ann., Cts. & Jud. Proc. § 3-2A-02(a)(1) (LexisNexis 2013).  Further, the Act states, "An action or suit of that type may not be brought or pursued in any court of this State except in accordance with this subtitle."  *Id.* § 3-2A-02(a)(2).

The Act establishes the Health Care Alternative Dispute Resolution Office ("HCADRO") in which a person alleging medical malpractice can file a claim and, additionally, establishes the procedure governing the arbitration process available under the Act to resolve claims against health care providers.  *Id.* §§ 3-2A-03—3-2A-05.  The arbitration process, however, can be waived either by mutual agreement between the parties, *id.* § 3-2A-06A, or unilaterally by either party after the claimant has filed the certificate of a qualified expert, *id.* § 3-2A-06B.  The waiver is accomplished by filing a written election with the Director of HCADRO.  *Id.*; *Lewis v. Waltezky*, 31 A.3d 123, 125 (Md. 2011).  Although a plaintiff may elect to forego arbitration, the Act nevertheless requires filing of the claim with HCADRO as a condition precedent to proceeding in court.  *Id.* at 128 (citing § 3-2A-04(a)).  Failure to follow the HCADRO process

can result, but does not necessarily result, in dismissal of the suit without prejudice. *Id.* at 125 (failure results in dismissal without prejudice); *Jewell v. Malamet*, 587 A.2d 474, 481 (Md. 1991) (staying case while plaintiff fulfills HCADRO process).

Based upon the HCADRO Order of Transfer dated November 29, 2016, and attached to the complaint, the Court infers that Plaintiff Matthew Logue followed the HCADRO procedures in waiving arbitration in favor of filing this suit.[2]  (ECF No. 1-1.)  Defendants have not argued otherwise.  Apparently in response to the motion to dismiss, another Order of Transfer, dated February 2, 2017, was obtained and attached to the second amended complaint.[3]  (ECF No. 44-2.)  An inference arises that this was done to satisfy the condition precedent of HCADRO process prior to the filing of the second amended complaint in which, for the first time, claimants other than Matthew Logue were brought into this case.

Although Defendants take the view that obtaining the second Order of Transfer after this suit was filed was a fatal procedural error, the Court finds no justice in dismissing the case in order for Plaintiffs to go through a third round in HCADRO for the purpose of obtaining an identical Order of Transfer, only to wind up in this Court again with the same causes of action. The Act does not deprive the Court of jurisdiction; instead, it creates a condition precedent to the exercise of the Court's jurisdiction.  *Oxtoby v. McGowan*, 447 A.2d 860, 864-65 (Md. 1982); *Long v. Rothbaum*, 514 A.2d 1223, 1228 (Md. Ct. Spec. App. 1986).  The condition precedent has been fulfilled for all Plaintiffs to "pursue" the case now before the Court.  *See* § 3-2A-02 ("An action or suit of that type may not be brought or *pursued* in any court . . . except in accordance with this subtitle."  (Emphasis added.)).  All of Plaintiffs' claims are now properly before the Court.

---

[2]  The Order of Transfer refers to "Matthew Logue, *et al.*, Claimants," but does not clarify who besides Matthew Logue were the claimants before HCADRO.
[3]  This Order of Transfer also refers to "Matthew Logue, *et al.*, Claimants."

*IV.  Conclusion*

The Court concludes the motions to dismiss the case and to strike the second amended complaint are without merit.  Plaintiffs' motion for leave to amend their complaint will be granted.  Their second amended complaint will be deemed filed as of the date of this order.

DATED this 28th day of March, 2017.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge