# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

MATTHEW S. LOGUE *et al.*,

    Plaintiffs

v.      CIVIL NO. JKB-16-3937

PATIENT FIRST CORPORATION *et al.*,

    Defendants

## MEMORANDUM AND ORDER

Pending before the Court is a motion for qualified protective order filed by Defendants Boris Gronas, D.O.; Patient First Corporation; Patient First Maryland Medical Group, PLLC; and Patient First Urgent Care, Bel Air. (ECF No. 99.) The motion has been briefed (ECF No. 100), and no hearing is required, Local Rule 105.6 (D. Md. 2016). The motion will be denied.

Movants argue they are entitled to a qualified protective order that permits them to have *ex parte* communications with the decedent's health care providers. Further, their proposed order allows such communications "without the written authorization of Plaintiffs or their attorneys; without further opportunity for Plaintiffs or their attorneys, to agree or object to the use or disclosure of protected health information; [and] without the need to contact any other counsel, including counsel for Plaintiffs." (Proposed Order 2, ECF No. 99-2.) Movants claim their request is justified because it gives all parties equal access to treating health care providers in cases where a plaintiff has placed his or her medical condition at issue and because requiring formal discovery adds cost and inefficiency to the litigation process. (Mot. Supp. Mem. 10-12, ECF No. 99-1 (ECF page numbers are used).) Finally, Movants contend that "conducting

depositions of all of these treating providers by the October 15, 2013 [*sic*] discovery deadline in this case will be impossible."[1] (*Id.* 13.)

Similar arguments were raised in another case recently, and the undersigned found them to be without merit. *Lynch v. SSC Glen Burnie Operating Co., LLC*, Civ. No. JKB-17-1328, 2017 WL 6508980, 2017 U.S. Dist. LEXIS 208948 (D. Md. Dec. 19, 2017). As noted in *Lynch*, "a party seeking protected health information under [the Health Insurance Portability and Accountability Act ('HIPAA'), 42 U.S.C. § 1320d *et seq.*] for use in litigation can ask a court for a disclosure order, permitting a health care provider to disclose such information, and/or can ask a court for a [qualified protective order], which serves as a sort of general discovery order, governing how protected information should be handled once obtained pursuant to ordinary discovery procedures." Slip op. at 4. Because Movants are asking for the Court's blessing on *ex parte* communications rather than for protections surrounding information obtained through traditional discovery mechanisms, what they are seeking here is not a qualified protective order but a disclosure order. *See id.* Plaintiffs oppose Movants' obtention of protected health information except through normal discovery processes.

To be entitled to a disclosure order, Movants "must demonstrate *some* reason that ordinary discovery procedures are not sufficient." *Id.* at 5. "Second, that HIPAA creates an uneven 'playing field' where one party may be permitted to engage in *ex parte* communications while the other may not, is generally an insufficient reason to issue a disclosure order." *Id.* at 6. Third, "the possibility that a party will have to expend more resources and time through formal discovery as a result of their inability to engage in *ex parte* informal communication with a witness is not a compelling enough reason, without more, to issue a disclosure order." *Id.* at 6-7.

---

[1] The scheduling order was amended October 12, 2017, to include a discovery deadline of July 30, 2018. (ECF No. 87.)

As was true in *Lynch*, Movants in the instant case have failed to provide a meritorious reason for a disclosure order. Accordingly, it is hereby ordered that the motion (ECF No. 99) IS DENIED.

DATED this __22__ day of January, 2018.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
Chief Judge