# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

MATTHEW S. LOGUE *et al.*,

    Plaintiffs

v.                                    CIVIL NO. JKB-16-3937

PATIENT FIRST CORPORATION *et al.*,

    Defendants

## MEMORANDUM AND ORDER

Pending before the Court is the Partial Motion to Dismiss the Defendants Patient First Urgent Care, Bel Air and Patient First Corporation, Individually and d/b/a Patient First Urgent Care, Bel Air. (ECF No. 105.) The motion has been briefed (ECF Nos. 106 & 108), and no hearing is necessary, Local Rule 105.6 (D. Md. 2016). The motion will be granted.

Because the motion is implicitly brought as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), the Court evaluates the motion under the familiar standard for a motion to dismiss for failure to state a claim for relief. *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009) (applying Rule 12(b)(6) standard to Rule 12(c) motion). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the *Twombly* opinion

stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

Plaintiffs have sued a number of Defendants, both in Maryland and Pennsylvania, contending the medical care provided to the Plaintiffs' decedent, Shelby Logue, was negligent and resulted in Ms. Logue's death. Two of the Defendants are Patient First Urgent Care, Bel Air, and Patient First Corporation, individually and/or doing business as Patient First Urgent Care, Bel Air. (Third Am. Compl., ECF No. 71.) In the Third Amended Complaint ("TAC"), Plaintiffs have also named Patient First Maryland Medical Group, PLLC, as a Defendant. (*Id.*)

In their answer to the TAC, the three Defendants named above have pled the following pertinent allegations:

> 15.   . . . The physician employees [who] provided care at the Patient First location in Bel Air, Maryland are not employees of Patient First Corporation. The physicians, including Dr. Gronas, are employed by the Defendant Patient First Maryland Medical Group, PLLC.
> . . .
>
> 17.   . . . Patient First Bel Air does not employ the medical staff at the Bel Air facility including Boris Gronas, D.O. The physicians, including Dr. Gronas, are employed by the Defendant Patient First Maryland Medical Group, PLLC.
>
> . . .
>
> 21.   These Defendants deny the allegations contained in paragraph 21 that Dr. Gronas is employed by Patient First Corporation and/or Patient First Bel Air. These Defendants admit the allegation contained in paragraph 20 that Dr. Gronas is employed by Patient First Maryland Medical Group, PLLC.

(ECF No. 78.) Further, the three Defendants stated, "Plaintiff failed to identify the proper corporate entity, therefore the claim against the identified entities is barred." (*Id.* Nineteenth Defense.)

In their motion, the Defendants say, "The entity that employs the health care providers[] is Patient First Maryland Medical Group, PLLC and is the only entity that could be vicariously liable in this medical malpractice action." (Mot. Dismiss 2, ECF No. 105.) Attached to their motion is an affidavit by Julie Yonce, who is vice president of Claims Management and Executive Administration for Patient First, and who states no corporate entity entitled Patient First Urgent Care, Bel Air, exists. (*Id.* Ex. B, Yonce Aff. ¶ 3.) She also states that Patient First Corporation d/b/a Patient First Urgent Care, Bel Air, does not employ any health care providers and is not appropriately sued as an entity with vicarious liability. (*Id.* ¶ 4.) In response, Plaintiffs say that, based on the Yonce Affidavit and information supplied by the Defendants regarding the employment of Dr. Gronas by Patient First Maryland Medical Group, PLLC, they are in agreement with the dismissal of Patient First Urgent Care, Bel Air. (Pls.' Opp'n 6-7.) But Plaintiffs further say, "[N]one of the information or documents provided by Defendants speaks to the role of Patient First Corporation, if any, in hiring, training, overseeing and controlling its facilities, which are part of Plaintiffs' claims against that Defendant. As such, Plaintiffs oppose the dismissal of Patient First Corporation, individually." (*Id.* 7.) Plaintiffs go on to contend that their claims also include poor training, oversight, and system controls by Patient First Corporation as an institution. (*Id.*)

However, it is clear from the TAC and from Plaintiffs' opposition that the alleged negligence occurred, with respect to the Bel Air facility, because of Dr. Gronas's conduct. Plaintiffs have failed to plead plausible factual content that would permit an inference of

negligence by Patient First Corporation, which, Plaintiffs apparently concede, was not Dr. Gronas's employer. They have failed to plausibly allege that Patient First Corporation had any responsibility for hiring, training, or overseeing Dr. Gronas in the conduct of his employment as a health care provider. Nor have they plausibly alleged that Patient First Corporation's medical records system malfunctioned or that its physical facilities caused any injury. Thus, Plaintiffs have failed to state a claim for relief against Patient First Corporation.

Accordingly, Defendants' motion (ECF No. 105) is GRANTED. Defendants Patient First Urgent Care, Bel Air, and Patient First Corporation, Individually and d/b/a Patient First Urgent Care, Bel Air, are DISMISSED as parties in the case. The schedule set forth in ECF No. 104 continues to govern the case.

SO ORDERED.

DATED this __1__ day of October, 2018.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
Chief Judge

4